IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES M. BROADHEAD,       :
AIS # 224802
                          :
    Plaintiff,
                          :
vs.                           CIVIL ACTION 10-00662-KD-B
                          :
JAMES ENGLISH, *et al.*,
                          :
    Defendants.

## REPORT AND RECOMMENDATION

This action, which was filed by an Alabama inmate proceeding *pro se*, was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).

Plaintiff initiated the instant § 1983 action by filing a Complaint on November 28, 2010.[1] (Doc. 1). Plaintiff did not pay

---

[1] Although the Court did not receive Broadhead's Complaint (Doc. 1) until November 30, 2010, the date Broadhead signed the Complaint, and delivered it to prison officials for mailing is deemed the date of filing. See Houston v. Lack, 487 U.S. 266, 270, 108 S. Ct. 2379, 2382 (1988) (delivery of prisoner's notice of appeal to prison officials for mailing constitutes filing); Garvey v. Vaughn, 993 F.2d 776, 783 (11th Cir. 1993) (applying Houston to a prisoner's filing of a § 1983 action).

While Plaintiff's Complaint contains two signature dates, November 28, 2010 (Doc. 1 at 6) and December 16, 2010 (Doc. 1 at 8), for purposes of this Order, the undersigned accepts the (Continued)

the $350 statutory filing fee, nor did he file a motion to proceed without prepayment of fees at the time he filed his Complaint. As a result, he was directed to pay the filing fee, or to file a motion to proceed without prepayment of costs. (Doc. 2). In response to the Court's Order, Plaintiff filed two Motions to Proceed Without Prepayment of Costs. (Docs. 3, 4).

Upon careful review of Plaintiff's Complaint and the Court files, the undersigned finds that Plaintiff was required to pay the statutory filing fee at the time he filed his Complaint. Because he failed to do so, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

earlier date as Plaintiff's Complaint was received by the Clerk's Office on November 30, 2010.

28 U.S.C. § 1915(g).

Thus, under § 1915(g), "if a prisoner has had three or more cases or appeals dismissed for one of the recited reasons, he cannot proceed *in forma pauperis*." Doss v. Henry, 2008 WL 5231863, *1 (N.D. Fla. Dec. 12, 2008) (unpublished). "The only exception to this is if the prisoner alleges he is 'under imminent danger of serious physical injury.'" Id. (citing 28 U.S.C. § 1915(g); Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004); Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998)).

During the screening of this action under 28 U.S.C. § 1915(e)(2)(B), the Court discovered, after reviewing the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama, that Plaintiff has had more than three actions previously dismissed as frivolous or malicious, or for failure to state a claim upon which relief can be granted. See Broadhead v. Hopkins, et. al, 10-00439-LSC-RRA (N.D. Ala. May 18, 2010); Broadhead v. McConuco, et al., CA 09-00384-CB-N (S.D. Ala. May 21, 2010); Broadhead v. O'Brian, et. al, CA 10-00475-JHH-RRA (N.D. Ala. May 22, 2010); Broadhead v. Kirrire, et al., CA 10-00053-VEH-RRA (N.D. Ala. Nov. 30, 2010).[2]

---

[2] In addition to these dismissals, according to Public Access to Court Electronic Records ("PACER"), twenty (20) § 1983 actions filed by plaintiff have been dismissed for failure to prosecute and/or failure to comply with the court's order. See Broadhead v. Tillman, et al., CA 02-00851-WS-L (S.D. Ala. Apr.
(Continued)

Because Plaintiff has had three or more actions previously dismissed as frivolous or malicious, or for failure to state a claim upon which relief can be granted, it is incumbent on him, in order to avoid 28 U.S.C. § 1915(g)'s application, to show that at the time he filed this action, he was "under imminent

---

19, 2005); Broadhead v. Macrory, et al., CA 06-00318-BH-C (S.D. Ala. Oct. 3, 2006); Broadhead v. Everette, et al., CA 07-00398-CB-C (S.D. Ala. Nov. 13, 2007); Broadhead v. Michael, et al., CA 09-02473-VEH-RRA (N.D. Ala. Jan. 21, 2010); Broadhead v. Richburg, et al.,CA 10-00054-IPJ-RRA (N.D. Ala. Feb. 24, 2010); Broadhead v. Swain, et al., CA 10-00113-AKK-RRA (N.D. Ala Mar. 16, 2010); Broadhead v. Swain, et al., CA 09-02606-SLB-RRA (N.D. Ala. Mar. 18, 2010); Broadhead v. Mixon, 10-00012-WS-C (S.D. Ala. Mar. 29, 2010); Broadhead v. Thomas, et al., CA 10-00262-VEH-RRA (N.D. Ala. Apr. 6, 2010); Broadhead v. McKay, et al., CA 10-00751-RRA (N.D. Ala. May 24, 2010); Broadhead v. Wise, et al., CA 10-00388-IPJ-RRA (N.D. Ala. June 7, 2010); Broadhead v. Scott, et al., CA 10-01028-AKK-RRA (N.D. Ala. June 8, 2010); Broadhead v. Malone, et al., CA 10-00806-JHH-RRA (N.D. Ala. June 22, 2010); Broadhead v. Miles, et al., 10-01141-JHH-RRA (N.D. Ala. June 22, 2010); Broadhead v. Brown, et al., CA 10-00350-VEH-RRA (N.D. Ala. June 22, 2010); Broadhead v. Scott, et al., CA 10-01152-WMA-RRA (N.D. Ala. June 24, 2010); Broadhead v. Carter, et al., CA 10-01142-AKK-RRA (N.D. Ala. July 30, 2010); Broadhead v. Bishop, et al., CA 10-00278-KD-M (S.D. Ala. Aug. 23, 2010); Broadhead v. Heinz, et al., CA 10-00129-KD-B (S.D. Ala. Sept. 8, 2010); Broadhead v. Bailey, et al., CA 10-00416-KD-N (S.D. Ala. Oct. 13, 2010); Broadhead v. Stanton, et al., CA 10-00323-CB-B (S.D. Ala. Oct. 14, 2010); Broadhead v. Thompkins, et al., CA 10-01360-RDP-RRA (N.D. Ala. Jan. 3, 2011); Broadhead v. Goldsmith, et al., CA 10-02495-WMA-RRA (N.D. Ala Jan. 4, 2011). Including the present action, Broadhead currently has ten (10) § 1983 actions pending in the Southern and Northern Districts of Alabama.

danger of serious physical injury." Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time). In determining whether a plaintiff was under imminent danger of serious physical injury, "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004).

The undersigned has carefully reviewed Plaintiff's Complaint (Doc. 1), and concludes that Plaintiff has failed to satisfy the "imminent danger" requirement. In his Complaint, Plaintiff alleges that he was assaulted by prison guards employed at the Holman facility, and that he sustained injuries that necessitated hospitalization. Plaintiff names three defendants, namely James English, Michael Watson and Ashworth Penton.[3] Specifically, Plaintiff alleges as follows:

> 320 Times by the 4 named Defendants, as 11-10-2010, 2:30 p.m. The Plaintiff was placed in a free world [h]ospital, where he [h]ad broken arm in 3 places and staples in the

---

[3] Although Plaintiff's "Statement" (Doc. 1 at 6) refers to "4 named Defendants," only three defendants, James English, Michael Watson, and Ashworth Penton, are named in the Complaint. Plaintiff filed a second "Statement" on January 3, 2010, re-stating the same factual allegations and listing what appears to be seventy-one (71) defendants. (Doc. 5). Several of these defendants are named in other previous and subsequent actions filed by Broadhead.

> head . . . . The plaintiff was transferred for his safety, as the Plaintiff had fracture to his feet and ankle area from deadly excessive force from defendants. . . . I was for[ced] to the ground from a blow to my testicles while on the ground I was kicked again and again to the testicle. This type of assault [performed] on me was out of hate because of my conviction[.] I know this to be true [because] in the process of being assault[ed] to the testicle I could hear a voice say and [I] quote[, "] you'll never be able to rape another. . . ."

(Doc. 1 at 6).

Assuming *arguendo* that Plaintiff's factual allegations regarding the assault are true, the assault occurred on November 10, 2010, which is eighteen (18) days before Plaintiff initiated this action. Not only did the assault occur more than two weeks before Plaintiff initiated this action, but according to Plaintiff's Complaint, by the time Plaintiff initiated this action, he had been transferred for his own safety.[4] Thus, Plaintiff's own allegations undercut any showing that he faced imminent danger of serious physical injury at the time he filed his Complaint. (Doc. 1 at 6).

Clearly, Plaintiff has not alleged any on-going or possible future harm, nor has he alleged a pattern of misconduct evidencing the likelihood of imminent serious physical injury.

---

[4] From Plaintiff's Complaint, it is not at all clear where the alleged assault occurred, nor is it clear the location to which Plaintiff was transferred.

To the contrary, Plaintiff has only alleged facts pertaining to a past incident. The law is clear that past harm does not satisfy § 1915(g)'s exception that a plaintiff be "under imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) ("a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g) . . . ."); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) ("a prisoner's allegation that he faced imminent danger sometime in the past is . . . insufficient"); see also Adbul-Akabar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001) cert. denied, 533 U.S. 953 (2001)("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."). Thus, in order to satisfy the exception to § 1915(g), Plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" Ball v. Allen, CA No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (citation and quotation marks omitted) (unpublished) (Granade, C.J.). Plaintiff has not done this.

Accordingly, Plaintiff is not entitled to avoid the bar of § 1915(g) and is not allowed to proceed *in forma pauperis* in this action. 28 U.S.C. § 1915(g). *See* Brown v. Johnson, 387 F.3d

at 1349 (the "Eleventh Circuit[] [has] determined that a prisoner must allege a present imminent danger, . . . under section 1915(g). . . ."); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (Plaintiff could not proceed under § 1915(g) because he failed to allege "that he was in imminent danger of serious physical injury at the time he filed his Complaint or that he was in jeopardy of any ongoing danger.").

As noted above, "[i]n this Circuit, a prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice." Doss v. Henry, 2008 WL 5231863, *2 (N.D. Fla. Dec. 12, 2008). See also Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The prisoner cannot simply pay the filing fee after being denied in forma pauperis status [pursuant to the three strikes provision of § 1915(g)]. He must pay the filing fee at the time he initiates the suit.").

Because Plaintiff did not pay the $350.00 filing fee at the time that he filed the instant action and because he has failed to meet the "under imminent danger of serious physical injury" exception provided in § 1915(g), this action is due to be dismissed without prejudice. Accordingly, it is recommended that Plaintiff's Motions to Proceed Without Prepayment of Fees (Docs.

3, 4) be denied, and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this the **12th** day of **January, 2011.**

                                        **/s/ SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[5] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[5]Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed.R.Civ.P. 72(b)(2).

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72.

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this **12th** day of **January, 2011.**

_____S/ SONJA F. BIVINS_____
**UNITED STATES MAGISTRATE JUDGE**